**FILED**

**November 30, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Bradley Wilson | ) | Docket No. 2015-07-0143 |
| | ) | |
| v. | ) | |
| | ) | State File No. 50922-2015 |
| Dana Holding Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Remanded – Filed November 30, 2016

---

In this interlocutory appeal, the employee asserts that the trial court erred in ordering the termination of temporary disability benefits following the treating physician's release allowing the employee to return to work with restrictions. Discerning no error, we affirm and remand the case to the trial court for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Bradley Wilson, Camden, Tennessee, employee-appellant, pro se

Terri L. Bernal, Brentwood, Tennessee, for the employer-appellee, Dana Holding Corporation

### Memorandum Opinion[1]

Bradley Wilson ("Employee"), a thirty-one-year-old resident of Benton County, Tennessee, worked for Dana Holding Corporation ("Employer") as a press operator between February 2012 and May 2015. In 2014, Employee began experiencing

---

[1]"The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

symptoms in both upper extremities. He requested leaves of absence under the Family Medical Leave Act ("FMLA") in 2014 and 2015, but the record is unclear as to the basis for those requests.

In April 2015, Employee sought treatment from his primary care physician, Dr. Ken Berry, due to pain and other symptoms in his shoulders, arms, and hands. Following diagnostic testing, he was referred to an orthopedist, Dr. Blake Chandler, who diagnosed bilateral carpal tunnel syndrome on May 13, 2015.

Employee's FMLA leave was scheduled to expire on April 29, 2015. On May 1, 2015, Employer terminated his employment, asserting on a separation notice that he had failed to report to work or call in for three consecutive days in violation of company policy as reflected in a collective bargaining agreement. On May 4, 2015, a third party contracted to administer Employer's disability and leave programs issued a letter to Employee extending his FMLA leave until May 13, 2015.

By letter dated June 4, 2015, Employee gave notice to Employer that he had suffered a work-related injury and wished to pursue a claim for workers' compensation benefits. Employer denied the claim based on Employee's alleged failure to provide proper notice as well as insufficient evidence that his condition arose primarily out of and in the course and scope of the employment. In an order dated December 16, 2015, the trial court concluded that Employee was likely to prevail in establishing a compensable injury and ordered Employer to provide medical benefits. However, the trial court denied Employee's request for temporary disability benefits. That order was not appealed.

Subsequently, when the authorized treating physician, Dr. Michael Dolan, took Employee off work, Employer voluntarily initiated temporary disability benefits. Employee underwent surgery on his upper extremities in March and April 2016. In a June 27, 2016 report, Dr. Dolan indicated that Employee could return to work with a twenty-pound lifting restriction. However, because Employee had been terminated, he did not return to work for Employer. On July 27, 2016, Dr. Dolan released Employee to return to work with no restrictions and, on August 25, 2016, he placed Employee at maximum medical improvement ("MMI").

Thereafter, Employer filed a motion to terminate temporary disability benefits, arguing that Employee had been released to return to work and had been placed at MMI. Employee filed a response in opposition to this motion, arguing that he was entitled to temporary disability benefits until his physician issued a final statement of restrictions and an impairment rating. Following an evidentiary hearing, the trial court concluded that Employer had presented sufficient evidence supporting a termination of temporary disability benefits as of June 27, 2016, the date Dr. Dolan released Employee to return to work with a lifting restriction. Employee has appealed.

2

Before addressing the merits of the appeal, we note that Employer filed a motion to dismiss the appeal, arguing that Employee's basis for appeal hinges on the validity of his termination for cause and that "[t]he circumstances surrounding Employee's termination are outside the purview of the Court of Workers' Compensation Claims." We disagree. Although the jurisdiction of the Court of Workers' Compensation Claims is limited to claims for workers' compensation benefits, trial judges are statutorily obligated to "hear and determine claims for compensation . . ., to conduct hearings, and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3) (2015). Moreover, judges on the Court of Workers' Compensation Claims are charged with issuing orders that "set[] forth findings of fact and conclusions of law, and, if appropriate, an order for the payment of benefits under the workers' compensation law." Tenn. Code Ann. § 50-6-239(c)(2) (2015). Given that the circumstances of an employee's separation from employment can have a direct impact on that employee's entitlement to workers' compensation disability benefits, it is well within the trial court's purview to make findings of fact and conclusions of law regarding an employee's termination to the extent those findings and determinations will affect the employee's claim for temporary or permanent disability benefits. Thus, Employer's motion to dismiss is denied.

Turning to the merits of Employee's appeal, it is well-settled that an injured worker's entitlement to temporary total disability benefits ends once the employee is able to return to work or has reached maximum medical improvement. *See, e.g.*, *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770, 776 (Tenn. 2000). An injured worker may be entitled to temporary partial disability benefits when "the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

However, although an employee has a work-related injury for which temporary benefits are payable, an employer remains entitled to enforce workplace rules. *Barrett v. Lithko Contracting, Inc.*, Nos. 2015-06-0186, 2015-06-0188, 2015-06-0189, 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *9 (Tenn. Workers' Comp. App. Bd. June 17, 2016). Thus, an employee's termination due to a violation of a workplace rule may relieve the employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. *Shepherd v. Haren Constr. Co.*, No. 2015-01-0325, 2016 TN Work. Comp. App. Bd. LEXIS 15, at *14 (Tenn. Workers' Comp. App. Bd. Mar. 30, 2016). When addressing such circumstances, courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Id.* (citation omitted).

In the present case, the trial court determined that Employee had violated Employer's attendance policy by failing to report to work or call in for three consecutive days upon the expiration of his FMLA leave on April 29, 2015. Because we have received no transcript of the expedited hearing or statement of the evidence, we must

3

presume that the trial court's factual findings are supported by sufficient evidence. *See, e.g.*, *Quinn v. SMX*, No. 2015-06-0025, 2015 TN Wrk. Comp. App. Bd. LEXIS 25, at *10 (Tenn. Workers' Comp. App. Bd. Aug. 20, 2015) (In circumstances where no transcript of the hearing or statement of the evidence is provided, "we decline to speculate as to the nature and extent of the proof presented to the trial court" and "we presume the trial court's ruling was supported by sufficient evidence.").

Furthermore, we note that Employee filed with his position statement on appeal several documents that were not admitted into evidence at the expedited hearing. "[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

Thus, for the foregoing reasons, we conclude that the trial court committed no error in determining that Employee was not entitled to temporary disability benefits following his termination for cause and his release to return to work with restrictions. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

**FILED**

**November 30, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:30 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Bradley Wilson | ) Docket No. 2015-07-0143 |
| | ) |
| v. | ) State File No. 50922-2015 |
| | ) |
| Dana Holding Corporation, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Bradley Wilson | | X | | | X | 935 Chalk Hill Church Rd. Camden, Tennessee 38320; bwoldschool65@yahoo.com |
| Terri Bernal | | | | | X | tbernal@chartwelllaw.com |
| Amber E. Luttrell, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov